DENNIS K. BURKE
United States Attorney
District of Arizona

CHARLES W. GALBRAITH
Arizona State Bar No. 025869
Charles.Galbraith@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

FILED ___ X LODGED
___ RECEIVED ___ COPY

OCT - 4 2010

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

X FILED ___ LODGED
___ RECEIVED ___ COPY

JAN - 6 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

United States of America,

               Plaintiff,

     v.

Gerardo Bernal,

               Defendant.

CR 10-658-PHX-SRB

**PLEA AGREEMENT**

      Plaintiff, the United States of America, and the defendant, Gerardo Bernal, hereby agree to dispose of this matter on the following terms and conditions.

**1.**    **PLEA**

      The defendant will plead guilty to an Information, charging the defendant with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D), Possession of Marijuana with Intent to Distribute, a Controlled Substance, a Class D felony offense;

**2.**    **MAXIMUM PENALTIES**

      a.     A violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D) is punishable by imprisonment for a term of up to 5 years imprisonment; a fine of up to $250,000; supervised release for a term of 3 years; and upon revocation of probation or supervised release, imprisonment for a term of up to 2 years.

      b.     According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

          (1)     declare the defendant ineligible for certain food stamp, social security, and other federal benefits, all pursuant to Title 21, United States Code, Sections 862 and 862a, if the court determines that such ineligibility is appropriate in this case;



(2)     order the defendant to pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     order the defendant to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     order the defendant to pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty, pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction, unless there are stipulations to the contrary that the Court accepts.

3.     **AGREEMENTS REGARDING SENTENCING**

a.     <u>Recommendations.</u>  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States shall recommend: (1) that defendant receive a 2-level downward adjustment for minor role, pursuant to U.S.S.G. §3B1.2(b); and (2) a sentence of imprisonment that is at the low end of the applicable Sentencing Guidelines range.

b.     <u>Non-Binding   Recommendations.</u>     The   defendant   understands   that recommendations are not binding on the Court.  The defendant further understands that the defendant shall not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

c.     <u>Stipulation.</u> Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant may be sentenced to a maximum term of incarceration which is no greater than the mid-point of the advisory Sentencing Guideline range determined by the Court at the time of sentencing.

d.     <u>Acceptance of Responsibility.</u>  If the defendant makes full and complete disclo- sure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for the offense

2

up to and including the time of sentencing, the United States shall recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the defendant has an offense level of 16 or more, the United States shall recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines.

**4.** **AGREEMENT TO DISMISS OR TO NOT PROSECUTE**

a.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), following the defendant's sentencing the United States shall dismiss Counts 1 and 2 of the Indictment.

b.    The United States Attorney's Office for the District of Arizona will not prosecute defendant for any additional offenses committed by defendant, and known by the government, which are detailed in the discovery released to defendant in this matter, the Indictment and in the factual basis of this agreement.

c.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.** **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Federal Rule of Criminal Procedure 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Federal Rule of Evidence 410.

1    **6.      WAIVER OF DEFENSES AND APPEAL RIGHTS**

2    Providing the defendant's sentence is consistent with this agreement, the defendant

3    waives (1) any and all motions, defenses, probable cause determinations, and objections that the

4    defendant could assert to the indictment or information; and (2) any right to file an appeal, any

5    collateral attack, and any other writ or motion that challenges the conviction, an order of

6    restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the

7    defendant's sentence, including the manner in which the sentence is determined, including but

8    not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and

9    2255. The defendant acknowledges that if the Court has sentenced the defendant according to

10   the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral

11   attack, or other motion the defendant might file challenging the conviction, order of restitution

12   or forfeiture, or sentence in this case.

13   **7.      DISCLOSURE OF INFORMATION**

14         a.      The United States retains the unrestricted right to provide information and make

15   any and all statements it deems appropriate to the U.S. Probation Office and to the Court in

16   connection with the case.

17         b.      Any information, statements, documents, and evidence that the defendant provides

18   to the United States pursuant to this agreement may be used against the defendant at any time.

19         c.      The defendant shall cooperate fully with the U.S. Probation Office. Such

20   cooperation shall include providing complete and truthful responses to questions posed by the

21   U.S. Probation Office including, but not limited to, questions relating to:

22              (1)     criminal convictions, history of drug abuse, and mental illness; and

23              (2)     financial information, including present financial assets or liabilities that

24   relate to the ability of the defendant to pay a fine or restitution.

25   **8.      ELEMENTS**

26                        **Possession of Marijuana with Intent to Distribute**

27   On or about April 26, 2010, in the District of Arizona:

28         1.      The defendant knowingly possessed marijuana; and

4

2.     The defendant possessed it with the intent to deliver it to another person.

3.     The weight of the marijuana possessed by the defendant was at least 20 kilograms, but less than 50 kilograms.

**9.     FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On April 26, 2010, the defendant knowingly possessed marijuana in the District of Arizona. Defendant possessed the marijuana with the intent to deliver or transfer it to another person. The marijuana was kept in a bundle located in the bed of the pickup truck defendant had control over, which contained approximately 20.8 kilograms, but in any event at least 20 kilograms of marijuana.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guidelines range or to any Sentencing Guidelines factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

_Oct. 4. 2010_
Date

_____
GERARDO BERNAL
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Federal Rule of Criminal Procedure 11,

the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea shall be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible.  I have further discussed the concept of the advisory Sentencing Guidelines with the defendant.  No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement.  I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Federal Rule of Criminal Procedure 11.

10/4/10
_____
Date

_____
JOHN BILSCHAK
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

DENNIS K. BURKE
United States Attorney
District of Arizona

10/4/10
_____
Date

_____
CHARLES W. GALBRAITH
Assistant United States Attorney

## ACCEPTANCE BY THE COURT

1/6/11
_____
Date

_____
HONORABLE SUSAN R. BOLTON
United States District Judge

7